UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

**JUAN ITZEP ITZEP,** individually,

Plaintiff,

v.

**HIBACHI BUFFET NO 1, INC.,**
a Florida Corporation, and YAN Q. HUANG,
individually;

Defendant.
_____/

## COMPLAINT

Plaintiff, JUAN ITZEP ITZEP ("Iztep"), under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendant, HIBACHI BUFFET NO 1, INC. ("Hibachi Buffet") d/b/a Ichigo Ichie Buffet, and Yan Q. Huang ("Huang"), individually and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Hibachi Buffet is, and was, a Florida corporation, authorized to conduct and conducting business in Seminole County, Florida.

3. At all material times, Huang, is *sui juris* and a resident of Seminole County, Florida

4. At all material times, Itzep, is *sui juris* and a resident of Seminole County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This is an action for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Hibachi Buffet was at all times material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, Hibachi Buffet was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Hibachi Buffet operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Hibachi Buffet, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Hibachi Buffet is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Huang is an officer/president of Hibachi Buffet and has economic and day-to-day control of Hibachi Buffet, and of the nature and structure of Plaintiff's employment relationship with Hibachi Buffet and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

## GENERAL ALLEGATIONS

14. Upon information and belief, Hibachi Buffet employed Plaintiff from approximately January 2016 through December 2017 ("the relevant time period").

15. During the relevant time period, Plaintiff was employed as a non-exempt Cook earning $2,200 per month his first year and $2,300 per month his second year.

16. At all material times, Hibachi Buffet's gross annual revenues were in excess of $500,000.00

17. Throughout his employment with Hibachi Buffet, Plaintiff routinely worked for Hibachi Buffet from Wednesday through Monday, for a total of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours.

18. Plaintiff received an average of $7.64 per hour for all hours worked by him each month. Notwithstanding, employer failed/refused to pay to Plaintiff the required minimum and overtime wages as required by the FLSA, and Florida law.

19. Upon information and belief, Huang is an officer/president of Hibachi Buffet and has economic control of Hibachi Buffet, and of the nature and structure of Plaintiff's employment relationship with Hibachi Buffet

20. Notwithstanding, Hibachi Buffet willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours he worked over forty (40).

21. Hibachi Buffet knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

22. Huang knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether Hibachi Buffet's payroll practices were in accordance with the FLSA.

23. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

24. Plaintiff has complied with all conditions precedent to filing this action.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

26. On March 11, 2019, Plaintiff through his undersigned counsel, sent to Hibachi Buffet a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Hibachi Buffet failed/refused to do so ("Demand").

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST HIBACHI BUFFET

27. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

28. This is an action against Hibachi Buffet for overtime compensation pursuant to 29 U.S.C. § 216(B).

29. Plaintiff routinely worked in excess of forty (40) hours per week for Hibachi Buffet.

30. Specifically, Plaintiff estimates that he worked for Hibachi Buffet a total of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours.

31. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

32. City Buffet knew or should have known that Plaintiff suffered or was permitted to work overtime for Hibachi Buffet as defined in 29 U.S.C. § 203 (g).

33. Hibachi Buffet failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

34. At all material times, Hibachi Buffet knew or should have known that such refusal and/or failure is prohibited by the FLSA.

35. Notwithstanding, Hibachi Buffet intentionally and willfully violated the FLSA, as cited herein.

36. At all material times, Hibachi Buffet failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.


37. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II - 
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST HUANG

38. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

39. This is a collective action against Huang for overtime compensation pursuant to 29 U.S.C. § 216(B).

40. Upon information and belief, Huang has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

41. Plaintiff routinely worked in excess of forty (40) hours per week for Huang.

42. Specifically, Plaintiff estimates that he worked for Huang an average of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours.

43. Defendant, Huang, had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

44. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

45. Huang knew or should have known that Plaintiff suffered or was permitted to work overtime for Hibachi Buffet as defined in 29 U.S.C. § 203 (g).

46. Huang failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

47. At all material times, Huang knew or should have known that such refusal and/or failure is prohibited by the FLSA.

48. Notwithstanding, Huang intentionally and willfully violated the FLSA as cited herein.

49. At all material times, Huang failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

50. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT III
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST HIBACHI BUFFET

51. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

52. The FLSA requires that Hibachi Buffet pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Hibachi Buffet, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

53. Hibachi Buffet knew of and showed reckless disregard for the provisions of the FLSA because Hibachi Buffet or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his seventy-two (72) hours worked each week.

54. Hibachi Buffet willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

55. Hibachi Buffet did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

56. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## MINIMUM WAGE VIOLATION AGAINST HUANG

57. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

58. The FLSA requires employer to pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a).

59. The FLSA requires employer to have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

60. Huang knew of and showed reckless disregard for the provisions of the FLSA because Huang knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his seventy-two (72) hours worked each week.

61. Huang willfully and intentionally failed to pay Plaintiff and those similarly situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

62. Huang did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

63. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

64. Plaintiff hereby demands a jury trial of all issues so triable.

Case 6:19-cv-01138-CEM-GJK Document 1 Filed 06/20/19 Page 9 of 9 PageID 9

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Juan Itzep Itzep, respectfully requests that judgment be entered in his favor against Defendants Hibachi Buffet and Huang, as follows:

(a)     Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendant complained of herein are in violation of the minimum and overtime wages provisions of the FLSA;

(b)     Permanently enjoining the Defendant, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c)     Awarding Plaintiff damages against Defendant, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d)     Awarding Plaintiff liquidated damages;

(e)     Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f)     Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 20th day of June 2019.

> By: /s/ Monica Espino
> Monica Espino, Esq.
> Florida Bar No. 834491
> Espino Law
> 2655 S. Le Jeune Rd Ste 802
> Coral Gables, FL 33134
> Tel.: 305.704.3172
> Email: me@espino-law.com
> Secondary: legal@espino-law.com
> *Counsel for Plaintiff*

9